UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-56-MOC

| | | |
|---|---|---|
| TIMOTHY ANTHONY MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN SCARANTINO, | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] [Doc. 2].

## I. BACKGROUND

Petitioner, who is presently incarcerated at the Butner Federal Medical Center in Butner, North Carolina, is serving a sentence imposed by this Court in Case No. 3:17-cr-293-MOC-DCK-1. He has repeatedly sought sentencing relief, all of which were unsuccessful. [See 3:17-cr-293 ("CR") Doc 36 (denying a sentence reduction pursuant to the Fair Sentencing Act and/or the First Step Act); Doc. 44 (denying compassionate release/ sentence reduction); Doc. 56 (denying compassionate release/ sentence reduction without prejudice); Doc. 65 (denying compassionate release/ sentence reduction)].

Petitioner has now filed the instant action pursuant to 28 U.S.C. § 2241.[2] [Docs. 1, 2]. He argues that prison staff erroneously determined that he is not eligible for home confinement under

---

[1] Petitioner filed the Amended Petition before the original Petition had been reviewed for frivolity.

[2] The Petition is dated December 22, 2022 and the Amended Petition is dated "December __ 2022." They are post marked January 30, 2023 and February 7, 2023, respectively.

the CARES Act,[3] and is intentionally exposing prisoners to COVID-19. [Doc. 2 at 6]. He seeks protection from serious bodily injury or death from COVID-19, and for Bureau of Prisons to apply the correct criteria to his CARES Act request for home confinement. [Doc. 2 at 7].

## II. DISCUSSION

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 addresses challenges to the execution of a sentence and must be brought in the district of confinement. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available administrative remedies.").

Petitioner is presently incarcerated at the Butner RMC, which is located in Granville County, in the Eastern District of North Carolina. Although the Court has serious reservations about Petitioner's ability to proceed under § 2241, the matter is appropriately considered by the United States District Court for the Eastern District of North Carolina, where venue lies. This action will therefore be transferred to the Eastern District of North Carolina where the Petitioner is presently incarcerated.[4]

---

[3] Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

[4] To the extent that the Petitioner may also be attempting to challenge the conditions of his confinement at Butner RMC pursuant to 42 U.S.C. § 1983, that matter is likewise appropriately resolved in the Eastern District. See generally 28 U.S.C.A. §§ 1391, 1406.

### III. CONCLUSION

This action is, therefore, transferred to the Eastern District of North Carolina where the Petitioner is presently incarcerated.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina.

The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 10, 2023

Max O. Cogburn Jr
United States District Judge